# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3438

_____

United States of America

*Plaintiff - Appellee*

v.

James Andrew Arender

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: May 23, 2014
Filed: June 20, 2014
[Unpublished]

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

James Andrew Arender appeals a ruling of the district court[1] designating him an armed career criminal under 18 U.S.C. § 924(e). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

Arender pled guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). At the plea he preserved the right to appeal his designation as an armed career criminal under § 924(e). He argues his prior Tennessee conviction for aggravated assault is not a violent felony under 18 U.S.C. § 924(e)(2)(B).

"We review *de novo* a district court's determination that a defendant's prior conviction constitutes a violent felony." *United States v. Soileau*, 686 F.3d 861, 864 (8th Cir. 2012). A violent felony "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is a burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). "[T]he phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

As Arender notes, the Tennessee statute at issue is divisible. *See United States v. Cooper*, 739 F.3d 873, 880 (6th Cir. 2014). Thus, the "modified categorical approach" determines whether the conviction is a crime of violence. *See United States v. Tucker*, 740 F.3d 1177, 1179-80 (8th Cir. 2014) (en banc) ("If one alternative in a divisible statute qualifies as a violent felony, but another does not, we apply the 'modified categorical approach' to determine under which portion of the statute the defendant was convicted."). "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. ___ ,133 S.Ct. 2276, 2281 (2013).

Arender pled guilty to the indictment, which states he "intentionally or knowingly, did cause [the victim] to reasonably fear imminent bodily injury, by use or display of a deadly weapon, namely, a baseball bat." *See* Tenn. Code Ann. § 39-

-2-

13-102(a)(1)(B) (2006); *referencing* § 39-13-101 (a)(2). This crime has as an element the threatened use of physical force against another person, capable of causing pain or injury. Arrender's Tennessee conviction for aggravated assault is a violent felony under § 924(e)(2)(B). *Accord Cooper*, 739 F.3d at 882-83 (finding a conviction under the same version of Tenn. Code Ann. § 39-13-102(a)(1)(B) qualifies as a crime of violence).

The judgment is affirmed.

_____